IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-227-DCK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>T.P. HOWARD'S PLUMBING COMPANY INCORPORATED, S.E. STEWART, INC., and FALCON DEVELOPMENT OF NC, INC.,<br><br>Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Falcon Development Of NC, Inc.'s Motion For Judgment On The Pleadings (Document No. 28). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

The Travelers Indemnity Company of America ("Plaintiff" or "Travelers"), as subrogee of GIO 44, LLC, initiated this action with the filing of a "Complaint" (Document No. 1) on July 23, 2019. Plaintiff then filed an "Amended Complaint" (Document No. 5) on August 13, 2019, and a "Second Amended Complaint" (Document No. 10) on September 5, 2019.

The "Second Amended Complaint" (the "Complaint") notes that Plaintiff provided insurance coverage for GIO 44, LLC ("GIO 44" or the "Insured") against losses arising from certain hazards to its real property at 124 College Street, Asheville, North Carolina (the "Property"). (Document No. 10, p. 1).

The Complaint alleges that prior to June 7, 2018: (1) Defendant S.E. Stewart ("Stewart") performed plumbing services for a second floor tenant of the Property, including the installation of water supply lines to the tenant's sink; (2) Defendant T.P. Howard ("Howard") performed routine plumbing services for a second floor tenant of the Property, including inspection and maintenance of the water supply lines to the tenant's sinks; and (3) Defendant Falcon Development of NC, Inc. ("Falcon") performed general contracting services for an upfit of the second floor tenant's space and was "hired to routinely inspect the water supply lines to the tenant's sinks after S.E. Stewart's installation." (Document No. 10, p. 3). "On or about June 7, 2018, water was discovered discharging from a water supply line installed by S.E. Stewart in the second floor tenant space as a result of an improper crimp at the ferrule nut at the end of the PEX water supply line, causing significant damage to the Property." Id.

As a result of the alleged improper installation of the water supply line, Plaintiff reimbursed GIO 44 for damages to real property in excess of $75,000. Id. Plaintiff, as subrogee of GIO 44, now asserts claims of negligence against Stewart, Howard, and Falcon (all together, "Defendants"). (Document No. 10, pp. 3-7). Defendants' answers were filed on September 6, 19, and 25, 2019. (Document Nos. 11, 23, 24).

Defendant Falcon filed its "…Motion For Judgment On The Pleadings" (Document No. 28) and "…Memorandum Of Law In Support…" on October 25, 2019. "Plaintiff's Response In Opposition…" (Document No. 33) and "Memorandum Of Law In Support Of Its Response…" (Document No. 34) were filed on November 22, 2019. Defendant Falcon has failed to file a reply brief in support of its motion, or notice of intent not to reply. See Local Rule 7.1(e).

The pending motion is now ripe for review and disposition.

## STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings. Fed.R.Civ.P. 12(c). "A Rule 12(c) motion tests only the sufficiency of the complaint and does not resolve the merits of the plaintiff's claims or any disputes of fact." Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014) (quoting Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014)). In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party. Bradley v. Ramsey, 329 F.Supp.2d 617, 622 (W.D.N.C. 2004).

A motion for a judgment on the pleadings is decided under a similar standard as a motion to dismiss brought under Fed.R.Civ.P. 12(b)(6), "with the key difference being that on a 12(c) motion, 'the court is to consider the answer as well as the complaint.'" Bradley, 329 F.Supp.2d at 622 (quoting Continental Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, at *1 (M.D.N.C. 1999)); see also Burbach Broadcasting Co. of Delaware v. Elkins Radio, 278 F.3d 401, 405 (4th Cir. 2002). "[D]ocuments attached to the Answer are part of the pleadings for Rule 12(c) purposes, and may be considered without converting a motion for judgment on the pleadings into a motion for summary judgment, only if the documents are central to the Plaintiff's claim and the authenticity is not challenged." Mendenhall v. Hanesbrands, Inc., 856 F.Supp.2d 717, 724 (M.D.N.C. 2012). The Court may consider materials referenced in, incorporated by reference, or attached to the pleadings, as well as exhibits to a Rule 12(c) motion that are integral to the complaint and authentic. See Fed.R.Civ.P. 10(c); Massey, 759 F.3d at 353; see also Massey, 3:11-CV-477-RJC-DCK, 2012 WL 2992129, at *2-3 (W.D.N.C. July 20, 2012).

**DISCUSSION**

Defendant Falcon contends that as the general contractor for the upfit of commercial space on behalf of GIO 44, it "properly hired and supervised independent, licensed plumbing contractors, and therefore shares no liability for any alleged negligence." (Document No. 29, p. 2). Falcon entered into a contract with Mailander LLC d/b/a Sola Salon Studios ("Sola Salon") to upfit the second floor of GIO 44's property for use as a professional salon (the "Upfit Contract"). (Document No. 29, p. 3) (citing Document No. 24, pp. 13-18). Falcon subcontracted with Defendant Stewart to perform plumbing services pursuant to the Upfit Contract. (Document No. 29, p. 3). Falcon contends it did not contract with Defendant Howard; rather, Howard performed plumbing work on behalf of GIO 44 and/or Sola Salon unrelated to the Upfit Contract. (Document No. 29, p. 4).

The City of Asheville issued a Certificate of Occupancy for the upfit work on June 26, 2014. (Document No. 29, p. 4). "Almost four years later, on June 7, 2018, flooding occurred at the Property, allegedly the result of the plumbing installation performed by Stewart." Id.

Defendant Falcon's "… Motion For Judgment On The Pleadings" (Document No. 21) asserts that dismissal pursuant to Fed.R.Civ.P. 12(c) is appropriate because: (1) the Complaint is barred by the three-year statute of limitations; (2) Falcon is not liable for the alleged negligence of its independent contractors; and (3) Falcon owed no duty to Plaintiff pursuant to "the completed and accepted work doctrine." (Document No. 28, p. 1) (citing N.C.Gen.Stat. §1-52(5)).

First, Falcon asserts that Plaintiff's negligence claims are governed by a three-year statute of limitations under North Carolina law. (Document No. 29, p. 4) (citing N.C.Gen.Stat. § 1-52(5)). The statute of limitations begins running when the cause of action accrues, normally, at "the time of the negligent act or omission." Id. (citing N.C.Gen.Stat. §1-15(a) and quoting E. Carolina

4

Masonry, Inc. v. Weaver Cooke Constr., LLC, 2016 U.S. Dist. LEXIS29029, at *11 (E.D.N.C. Jan. 20, 2016)).

Defendant Falcon notes that Plaintiff alleges that the leak that caused the damage at issue here was solely caused by "an improper crimp at the ferrule nut" – a defect that occurred when the water line was installed. (Document No. 29, p. 5) (citing Document No. 10, ¶¶ 10, 32). As such, Falcon contends the negligence cause of action accrued on the date the water line was installed, or no later than when the Certificate of Occupancy was issued on June 26, 2014. Id. Therefore, the statute of limitations expired by June 26, 2017, barring this action, which was not filed against Falcon until August 13, 2019. Id.

Next, Falcon argues that "Stewart alone was responsible for installing the water supply lines, including the line that failed due to an alleged defective crimp." (Document No. 29, p. 5). According to Falcon, a general contractor is not liable for the negligence of an independent contractor it subcontracted with. Id. Falcon contends that none of the exceptions to this rule are applicable here. (Document No. 29, pp. 6-8).

Finally, Falcon argues that while it has a duty to "use ordinary care and skill while performing its job . . . once its work is completed and accepted, it is shielded from liability for any negligent performance of that job." (Document No. 29, p. 9) (citing Lamb v. D.S. Duggins Welding, Inc., 222 N.C.App. 52,55 (2012)). Falcon contends the work was completed and accepted on June 26, 2014, and that at that point, "Sola Salon (the tenant who hired Falcon) accepted and took control of the work, thereby limiting Falcon's liability for injuries to third parties, including Plaintiff." (Document No. 29, p. 10). Falcon concludes that it:

> complied with the Upfit Contract by hiring a competent, licensed contractor to perform the plumbing work and having that work inspected by the proper authorities; therefore, it is not liable for Plaintiff's injuries, which accrued almost four years after that work

was completed and accepted. Because Falcon owed no legal duty
to Plaintiff under this doctrine, this claim fails as a matter of law.

(Document No. 29, p. 11).

"Plaintiff's Response…" asserts that its Complaint was filed within the applicable statute of limitations and that Falcon's arguments based on two affirmative defenses fail because they involve disputed issues of material fact. (Document No. 33).

Plaintiff first acknowledges that negligence claims are governed by a three year statute of limitations. (Document No. 34, p. 5). Plaintiff then notes the elements of a negligence claim: (1) a defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; (3) the defendant's breach was the actual proximate cause of the plaintiff's injury; and (4) the plaintiff suffered damages as a result of the defendant's breach. Id. (citing Birtha v. Stonemor, North Carolina, LLC, 220 N.C.App. 286 (2012)). Plaintiff contends that a "plaintiff's 'injury' is a wrong entitling it to commence a cause of action; until it discovers the wrongful conduct of the defendant, it is unaware that it has been injured." Id. (citing Black v. Littleton, 312 N.C. 626 (1985)).

In this case, Plaintiff argues that it was damaged as a result of water discharge on June 7, 2018, but was not aware of any potential cause of action until that water discharge on June 7, 2018. Id. Therefore, Plaintiff could not satisfy the fourth element of a basic tort claim until the defect was discovered as a result of the water damage. Id. Plaintiff argues that contrary to Falcon's assertions, the defect at issue was anything but open, obvious and apparent; neither Falcon, Stewart, the City of Asheville inspector, or the tenant discovered the defect prior to June 7, 2018. (Document No. 34, pp. 5-6).

Plaintiff avers that Defendant Falcon "ignores the allegations as to its ongoing maintenance;" moreover, Plaintiff argues that the statute of limitations began to run on June 7, 2018, when it was damaged, and the plumbing defect was discovered. (Document No. 34, p. 6).

As such, Plaintiff observes that the Complaint(s) filed here in 2019, fall well within the three-year statute of limitations.  Id.

Next, Plaintiff contends that Falcon's arguments related to the "Completed and Accepted Work Doctrine" and "No Liability for Independent Contractor" rely solely on disputed factual allegations contained in its Answer and affirmative defenses, which contradict the Complaint.  (Document No. 34, p. 6).  Plaintiff further contends it has produced evidence of Falcon's ongoing involvement and maintenance of the plumbing at Sola Salon well after the June 2014 upfit completion.  (Document No. 34, p. 7) (citing Document No. 34-1).  Plaintiff argues that it is entitled to discovery on issues of disputed fact.  Id.  Plaintiff concludes that:

> A plain reading of the Plaintiff's Second Amended Complaint and Defendant Falcon's Answer confirm there are genuine issues of material fact in dispute, both in the factual allegations and the Affirmative Defenses raised by Defendant Falcon.  This matter is not ripe for adjudication at this early stage because there are facts in dispute, and thus this case cannot be decided as a matter of law.

Id.

At this point, the undersigned agrees with Plaintiff's arguments that dismissal would be premature.  It does appear that there are issues related to the accrual of the statute of limitations and/or factual issues in dispute that merit more development through discovery.  Importantly, Falcon's failure to respond suggests that it may now also concede these points.  Regardless of Defendant's current position, the undersigned will respectfully deny its motion, without prejudice to re-raising its argument(s) in a later dispositive motion, if appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Falcon Development Of NC, Inc.'s Motion For Judgment On The Pleadings (Document No. 28) is **DENIED**.

**SO ORDERED**.

Signed: May 6, 2020

David C. Keesler
United States Magistrate Judge