IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-227-DCK

| | |
|---|---|
| **TRAVELERS INDEMNITY COMPANY OF AMERICA**, as subrogee of GIO 44, LLC, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| **S.E. STEWART, INC., FALCON DEVELOPMENT OF NC, INC., T.P. HOWARD'S PLUMBING COMPANY INCORPORATED,** | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion To Intervene Of Hanover Insurance Company As Subrogee Of Mailander LLC Doing Business As Sola Salons Asheville" (Document No. 41) filed July 15, 2020. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and the motion is ripe for disposition. Having carefully considered the motion and the record, and noting that the motion is unopposed, the undersigned will grant the motion.

By the instant motion, the Hanover Insurance Company ("Hanover"), as subrogee of Mailander LLC d/b/a Sola Salons, seeks to "intervene permissively as Plaintiff-Intervenor" in this matter pursuant to Fed.R.Civ.P. 24(b). (Document No. 41, p. 1). Plaintiff Travelers Indemnity Company Of America ("Travelers") does not oppose Hanover's motion. Id.

Hanover contends that at all times relevant to this action it provided a policy of insurance to Mailander LLC d/b/a Sola Salons Asheville ("Mailander" or the "Insured") for the real and personal property located at 124 College Street, Asheville, North Carolina (the "Subject

Property"). (Document No. 41-1, p. 3). Hanover notes that pursuant to the policy it issued, it "would become subrogated to its Insured's rights and remedies, to the extent of the payments made." Id. Following a water leak at the Subject Property on or about June 7, 2018, Hanover reimbursed its Insured for damages in excess of $75,000.00. (Document No. 41-1, p. 5). Hanover concludes that by virtue of its payments, it "is subrogated to Mailander's right of recovery against any third-parties, including the Defendants, for damages arising out of the aforementioned water incident." (Document No. 41-1, p. 5).

Hanover later notes that its proposed Complaint "arises from the same facts and water loss incident, and shares with the main action a common question of law and fact." (Document No. 42, p. 3). "Both Travelers' and Hanovers' insureds occupy units at the Subject Property, and both suffered substantial water damage to their real and personal property from the failure of the water supply line at issue in the Travelers' action." (Document No. 42, pp. 3-4).

"T.P. Howard's Plumbing Company Incorporated's Response To Motion To Intervene" (Document No. 43) was filed on July 16, 2020. In its response, Defendant T.P. Howard's Plumbing Company Incorporated ("T.P. Howard") consents to the permissive intervention by Hanover Insurance Company. (Document No. 43). T.P. Howard also requests that the parties be allowed sufficient time to "discuss and submit an amended case management plan." (Document No. 43, p. 1). To date, no other parties have filed a response, and the time to do so has lapsed. See Local Rule 7.1(e).

Based on the foregoing, as well as additional arguments and authority submitted by Hanover, the undersigned finds good cause to allow the motion to intervene.

**IT IS, THEREFORE, ORDERED** that the "Motion To Intervene Of Hanover Insurance Company . . . " (Document No. 41) is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall submit any proposed amendments to case deadlines by **August 17, 2020.**

**SO ORDERED**.

Signed: August 9, 2020

*[signature]*

David C. Keesler
United States Magistrate Judge